# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PADILLA, et al.,<br><br>　　　　　　　Defendants. | Case No. 1:18-cv-1015-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DENIAL OF PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF Nos. 2, 9, 14)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Guillermo Trujillo Cruz ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 27, 2018. (ECF No. 1.)

On August 7, 2018, the assigned Magistrate Judge issued Findings and Recommendations that Plaintiff's application to proceed *in forma pauperis* be denied and that Plaintiff be required to pay the $400.00 filing fee in full to proceed with this action. (ECF No. 6.) Those Findings and Recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 3.) Plaintiff filed additional applications to proceed *in forma pauperis* on August 13, 2018, and September 4, 2018. (ECF Nos. 9, 14.) Following an extension of time, Plaintiff filed objections to the findings and recommendations on September 4, 2018, (ECF No. 12), and on September 10, 2018, (ECF No. 13).

In his September 4, 2018, objections, Plaintiff acknowledges that he is subject to 28 U.S.C. § 1915(g), but argues that the allegations satisfy the imminent danger exception. Plaintiff argues that although the allegations in the complaint occurred at Kern Valley State Prison ("KVSP") and he was confined at Pelican Bay State Prison ("PBSP") when he filed this Complaint, he remains in imminent danger at PBSP due to ongoing verbal threats and orders of

1

physical harm to his health and safety from prison officials.  In support, Plaintiff cites to several grievances, one of which was submitted on July 27, 2018, the same date the complaint in this action was filed.  In that grievance, Plaintiff alleges that Correctional Officer B. Baker assaulted Plaintiff with the door of a transportation van.  Plaintiff further alleges in the grievance that this is not the first incident where Officer Baker used excessive force on Plaintiff because Officer Baker doesn't like Plaintiff (discrimination) and in retaliation for Plaintiff reporting serious employee misconduct against Officer Baker and his coworkers.  (ECF No. 12, p. 12.)

A three strikes plaintiff must plausibly allege that he was faced with imminent danger of serious physical injury at the time his complaint was filed.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  In evaluating whether the imminent danger exception applies, the "nexus" test outlined in *Pettus v. Morgenthau*, 554 F.3d 293, 297–98 (2d Cir. 2009), controls.  See Pinson v. Federal Bureau of Prisons, 2015 U.S. Dist. LEXIS 163135, *3 (E.D. Cal. Dec. 3, 2015); Stine v. Federal Bureau of Prisons, 2015 U.S. Dist. LEXIS 120153, *12 (E.D. Cal. Sept. 8, 2015).  This test allows three strikers to proceed *in forma pauperis* only if: (1) the alleged imminent danger was "fairly traceable" to unlawful conduct asserted in the complaint; and (2) a favorable judicial outcome would redress that danger.  Id.

Plaintiff's complaint names eleven defendants: Padilla, L. Cervantes, Sullivan, Owens, Mendoza, Rocha, Nurse Gonzalez, Nurse Beach, Lopez, Camacho, and Martinez.  (ECF No. 1, pp. 1–2.)  Plaintiff does not name Officer Baker.  Nor does Plaintiff name any of the defendants from the complaint in the July 27, 2018 grievance regarding Officer Baker.  Plaintiff draws no connection between the incidents, in either his complaint or his objections, and upon review of the record, the Court finds no suggestion that the alleged imminent danger from Officer Baker was "fairly traceable" to the allegations against the named defendants.  Moreover, as Officer Baker is not named as a defendant to this action, a favorable judicial outcome in this action could not redress the danger identified by Plaintiff.  The Court lacks personal jurisdiction over Officer Baker or any other correctional officer at PBSP, which is located in the Northern District of California.

In Plaintiff's September 10, 2018, objections, he argues that prison officials were on

notice that he was under imminent danger of serious physical injury because of the circumstances surrounding his July 16, 2017 grievance, which allegedly led to the assault at issue in this action. Plaintiff argues that Defendants conspired to have Plaintiff assaulted in retaliation for filing grievances, satisfying the imminent danger standard. (ECF No. 13.)

These objections are similarly unpersuasive. The events discussed occurred in July 2017, one year before the filing of this action. Plaintiff again draws no connection between the July 2017 incident and any imminent danger he may have faced at the time he filed his complaint.

In sum, Plaintiff has not shown that he was in imminent danger at the time he filed this complaint. See Pettus, 554 F.3d 293, 297–98; Andrews, 493 F.3d at 1053. Plaintiff's objections are overruled.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including all of Plaintiff's objections, the Court concludes that the Magistrate Judge's Findings and Recommendations are supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, (ECF No. 6), issued on August 7, 2018, are adopted in full;
2. In accordance with 28 U.S.C. § 1915(g), Plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 2, 9, 14) are denied; and
3. Within **twenty-one (21) days** following the date of service of this order, Plaintiff shall pay the $400.00 filing fee in full to proceed with this action. If Plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice.

IT IS SO ORDERED.

Dated: \_\_October 17, 2018\_\_     _____
                                    SENIOR DISTRICT JUDGE